Peakson, J.
 

 The defendant was indicted for a forcible entry and detainer at common law. The jury found him not guilty of the forcibly entry, but guilty of the forcible detainer,, as charged.
 

 
 *349
 
 The judgment was arrested, and the Solicitor for the State appealed.
 

 The Attorney General admitted, under the authority of
 
 State
 
 v.
 
 Johnson,
 
 1 Dev. and Bat. 324, that a forcible de-tainer was not indictable at common law, when the entry was peaceable and
 
 lawful;
 
 but he insisted, that it was indictable, when the entry was unlawful, although it was made in a peaceable manner.
 

 The question, intended to be made, is not presented. The jury have not found, that the entry was unlawful, and there is nothing from which it can be implied. It is said, that it should be implied from the finding, that he “ unlaw
 
 fully
 
 and with a strong hand detained.”
 
 Non constat;
 
 for it may be, that the defendant entered as a tenant at will, or for years, or
 
 per auter vie,
 
 and unlawfully detained, and refused to give up possession, after the expiration of his estate. Such unlawful detainer was clearly not an indictable offence at common law; because the entry was both peaceable and lawful, and the reversioner, if he cannot enter peaceably, is put to his action.
 

 Per Cuhiam. Judgment affirmed.